THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| SMHG PHASE I LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL EISENBERG, a New York Citizen; NOURIEL ROUBINI, a New York Citizen; and DAVID SHUSTERMAN, a New York Citizen,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:22-cv-00035-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendants Michael Eisenberg, Nouriel Roubini, and David Shusterman's ("Defendants") Short Form Discovery Motion re: Interrogatories, Requests for Production and Privilege Log.[2] The court heard oral argument on the motion on February 16, 2023.[3] At the hearing, the court ordered Plaintiff SMHG Phase I LLC ("SMHG") to re-respond to Interrogatories 4, 7, 12, 14, 15, and 16 by March 20, 2023.[4] The court also ordered Plaintiff to produce Requests for Production Nos. 1, 4, 6, 8, and 9 by March

---

[1] ECF No. 4.

[2] ECF No. 64.

[3] ECF No. 67.

[4] ECF No. 68.

20, 2023.[5] The court denied Defendants' motion to compel Request for Production No. 7 pursuant to Fed. R. Civ. P. 34(b)(1).[6] The court took under advisement Interrogatories 17 and 18.[7] Based upon the analysis below, the court denies Defendants' motion to compel responses to Interrogatories 17 and 18.

## LEGAL STANDARDS

Fed. R. Civ. P. 33(a)(1) provides in part: "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more 25 written interrogatories, including all discrete subparts . . . ."[8] Rule 33 does not define "discrete subparts" or when certain "subparts" may count as more than one interrogatory. However, in its discussion on this issue, the Advisory Committee Note to the 1993 Amendment of Rule 33 provides: "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication."[9]

In interpreting the Advisory Committee's guidance, leading commentators have put it this way: "[I]t would appear that an interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question . . . [o]n the other hand, an interrogatory with subparts inquiring into discrete areas is more likely to be counted as more than

---

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] Fed. R. Civ. P. 33(a)(1).

[9] Advisory Committee Note to 1993 Amendment to Fed. R. Civ. P. 33, 146 F.R.D. 675, 675-76.

one for purposes of the limitation."[10] Thus, many district courts apply the "related question" or "common theme" test when determining numerosity under Rule 33: "[s]ubparts directed toward a 'common theme' should generally be counted as single interrogatory, while 'subparts inquiring into discrete areas' are generally counted as multiple interrogatories.'"[11]

An interrogatory that asks the responding party to describe its basis for denying each request for admission counts as one interrogatory when the requests for admission all concern the same subject area.[12] However, this will count as multiple interrogatories when the "underlying requests for admission contain different, separate, discrete matters."[13] To make this determination, "the requests for admissions must be examined and the relationship among them must be determined."[14] "A strong presumption that each underlying request for admission constitutes a separately countable subpart should be adopted."[15]

---

[10] Charles A. Wright & Arthur R. Miller, 8B Fed. Prac. & Proc. Civ. § 2168.1 at 261 (3d ed. April 2022 update).

[11] *Ellis v. Hobbs Police Dep't*, 2018 U.S. Dist. LEXIS 208406, at *3 (D.N.M. Dec. 11, 2018); *see also Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631, 637 (D. Kan. Apr. 18, 2012); *Phillips v. Clark Cnty. Sch. Dist.*, No. 2:10-cv-0208-GMN-GWF, 2012 WL 135705, at *7-8 (D. Nev. Jan. 18, 2012); *Harnage v. Lightner*, No. 3:17-cv-00263, 2018 WL 6804482, at *n.3 (D. Conn. Dec. 27, 2018); *Bartnick v. CSX Transp., Inc.*, No. 1:11-cv-1120 (GLS) (TRF), 2012 WL 1565057, at *2 (N.D.N.Y. Apr. 27, 2012).; *Walech v. Target Corp.*, No. C11-254 RAJ, 2012 WL 1068068, at *3-4 (W.D. Wash. Mar. 28, 2012).

[12] *Safeco of America v. Rawstron*, 181 F.R.D. 441, 446 (C.D. Cal. 1998).

[13] *Id.*

[14] *Id.*

[15] *Id.*

## ANALYSIS

SMHG is not required to respond to Interrogatories 17 and 18 because Defendants exceeded Rule 33's numerical limit at Interrogatory 16. Interrogatory 11 asks SMHG to "[s]tate the basis for any denial of the Requests for Admission . . . ."[16] As the court in *Safeco* explained:[17]

> Allowing service of an interrogatory which requests disclosure of all of the information on which the denials of each . . . request[] for admission[] were based . . . essentially transforms each request for admission into an interrogatory. This is not the purpose requests for admission were intended to serve, and because Rule 36 imposes no numerical limit on the number of requests for admissions that may be served, condoning such a practice would circumvent the numerical limit contained in Rule 33(a).

Another court deciding an issue based on the 1993 amendment to Rule 33(a) provided a helpful test:[18] "[I]f the first question can be answered fully and completely without answering the second question, then the second question is totally independent of the first question and not factually subsumed within and necessarily related to the primary question."

Applying this reasoning, the court finds that Interrogatory 11 is an improper attempt to convert admissions from SMHG into interrogatories and thus expand the scope of discovery beyond what the Federal Rules allow. Interrogatory 11 asks ten questions relating to ten separate subject areas. Answering one Request for Admission does not depend upon how any of the others are answered. Consequently, Interrogatory 11 and its subparts should be considered Interrogatories 11–20. Interrogatory 16 should be considered the 25th interrogatory. Therefore,

---

[16] ECF No. 64-3 at 14.

[17] *Safeco*, 181 F.R.D. at 445.

[18] *Bartnick v. CSX Transp., Inc.*, No. 1:11-cv-1120 (GLS) (TRF), 2012 WL 1565057, at *2 (N.D.N.Y. Apr. 27, 2012).

Interrogatories 17 and 18 exceed the limits set by Rule 33. Defendants' motion to compel SMHG to respond to Interrogatories 17 and 18 is DENIED.

    IT IS SO ORDERED.

    DATED this 27th day of February 2023.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge
