## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **SMHG PHASE I LLC, a Delaware Limited Liability Company,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 1:22-cv-00035-DBB-JCB** |
| **MICHAEL EISENBERG, a New York Citizen; NOURIEL ROUBINI; a New York Citizen; and DAVID SHUSTERMAN, a New York Citizen,** | **District Judge David Barlow** |
| **Defendants.** | **Magistrate Judge Jared C. Bennett** |

District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendants Michael Eisenberg, Nouriel Roubini, and David Shusterman's (collectively, "Defendants") Motion for Leave to Amend Pleadings and to Bring Claims Against Certain Third Parties.[2] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. Based upon the analysis set forth below, the court grants in part and denies in part Defendants' motion.

---

[1] ECF No. 4.

[2] ECF No. 73.

**BACKGROUND**

Plaintiff SMHG Phase I LLC ("SMHG") initiated this action against Defendants in the Second District Court in Weber County, Utah on January 14, 2022.[3] SMHG asserts causes of action for: (1) declaratory relief, (2) breach of contract, and, in the alternative, (3) promissory estoppel.[4] Defendants removed the case to this court on March 4, 2022.[5] On March 11, 2022, Defendants filed their answer to the complaint and asserted the following counterclaims against SMHG: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) conversion, and, in the alternative, (4) breach of contract and (5) conversion.[6] On June 27, 2022, Defendants filed a motion for total or partial summary judgment.[7] On August 25, 2022, SMHG filed a cross-motion for partial summary judgment as to the contract claims.[8]

On March 24, 2023, the court entered its Third Amended Scheduling Order in this case, which established the deadline to amend pleadings and the deadline to add parties as "10 weeks" after the court enters its decision on the last of the parties' competing motions for summary judgment.[9] Under this scheduling order, the close of fact discovery is "8 weeks" after the court resolves the competing motions for summary judgment.[10] The deadline for serving written

---

[3] ECF No. 2-1.

[4] ECF No. 2-1 at 10-12 of 45.

[5] ECF No. 2.

[6] ECF No. 6 at 31-33.

[7] ECF No. 10.

[8] ECF No. 19.

[9] ECF No. 71 at 2.

[10] *Id.*

2

discovery was March 16, 2023.[11] As of the date of this order, the court has not issued a decision on either motion for summary judgment.

On April 6, 2023, Defendants filed the motion currently before the court,[12] which requests leave to file an amended answer to the complaint. The proposed amended complaint contains a new counterclaim of fraudulent inducement against SMHG and a request for leave to file a third-party complaint against proposed third-party defendants Brian Williams ("Mr. Williams"); K2 Realty, LLC ("K2 Realty"); Stein Chateaux Realty, LLC ("Chateaux Realty"); Summit Sotheby's International Realty ("Summit Realty"); and GT Title Services, Inc. ("GT Title").[13] The claims in the proposed third-party complaint include: (1) fraudulent nondisclosure, (2) civil conspiracy—conversion and breach of contract, and, in the alternative, (3) fraudulent inducement (against Mr. Williams).[14]

## LEGAL STANDARDS

Fed. R. Civ. P. 15(a) provides for liberal amendment of pleadings. Rule 15 instructs that "court[s] should freely give leave" to amend "when justice so requires."[15] Under Rule 15, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[16] The United States Court of

---

[11] ECF No. 59 at 2.

[12] ECF No. 73.

[13] ECF No. 73 at 1.

[14] ECF No. 73-1 at 47-49 of 51.

[15] Fed. R. Civ. P. 15(a)(2).

[16] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotations and citation omitted).

Appeals for the Tenth Circuit has acknowledged that "[t]he purpose of [Rule 15] is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[17] The most important factor in deciding whether to grant leave to amend is "whether the amendment would prejudice the nonmoving party."[18] Undue prejudice exists "only when the amendment unfairly affects the [nonmoving parties] in terms of preparing their defense to the amendment," such as "when the amended claims arise out of a subject matter different from what was set forth in the [prior pleading] and raise significant new factual issues."[19] "Although [Rule 15] provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the [pleading], as amended, would be subject to dismissal."[20]

## ANALYSIS

For the following reasons, the court grants in part and denies in part Defendants' motion for leave to amend their pleadings. First, Defendants' proposed amended counterclaim is futile under Fed. R. Civ. P. 15 because it does not allege fraud with the requisite particularity under Fed. R. Civ. P. 9. Second, Defendants have met the standard under Fed. R. Civ. P. 15 to add new claims against the proposed third-party defendants. Accordingly, the court grants Defendants leave to amend to assert these claims.

---

[17] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted).

[18] *Id*. at 1207.

[19] *Id*. at 1208.

[20] *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quotations and citations omitted).

I.  **Defendants' Amended Counterclaim is Futile Because it Does Not Allege Fraud with the Requisite Particularity Under Fed. R. Civ. P. 9.**

Defendants' amended counterclaim against SMHG is futile under Rule 15 because it does not allege fraud with the requisite particularity under Rule 9 and would be subject to dismissal. "A proposed amendment is futile if the [pleading], as amended, would be subject to dismissal."[21] Fed. R. Civ. P. 9(b) mandates that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."[22] The United States Court of Appeals for the Tenth Circuit has explained that, pursuant to this Rule, a party must "identify the time, place, content, and consequences of the fraudulent conduct,"[23] or more plainly, "set forth the who, what, when, where and how of the alleged fraud."[24] The "allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."[25] "Perhaps the most basic consideration for a federal court in making a judgment as to the sufficiency of a pleading for purposes of Rule 9(b) is the determination of how much detail is necessary to give adequate notice to an adverse party and to

---

[21] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (quotations and citations omitted).

[22] Fed. R. Civ. P. 9(b).

[23] *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[24] *United States ex. rel. Schwartz v. Coastal Healthcare Grp., Inc.*, 232 F.3d 902, No. 99-3105, 2000 WL 1595976, at *3 (10th Cir. Oct. 6, 2000) (unpublished table decision) (quotations and citations omitted).

[25] *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016) (quotations and citations omitted).

enable that party to prepare a responsive pleading."[26] "[T]he requisite information . . . may vary on the facts of a given case."[27]

In support of their fraudulent inducement counterclaim against SMHG, Defendants assert the following:

> 61.    Prior to the execution of the [Real Estate Purchase Contract ("REPC")], SMHG's agent, [Mr. Williams], represented to [Defendants] that the development where they were purchasing the lot, known as the Villages at Summit Powder Mountain, was intended to include mixed-use villages and a "Main Street" and associated amenities for a private community centered around skiing and other outdoor activities in Utah. [Mr. Williams] represented that SMHG had the means to build this Main Street and intended to complete it.
>
> 62.    On information and belief, at the time [Mr. Williams] made these representations about Main Street, SMHG did not have the means to build it, had halted progress on the Main Street, and did not intend to complete it.
>
> 63.    SMHG, through [Mr. Williams], made these representations to induce [Defendants] to agree to purchase Lot #71 and sign the REPC.
>
> 64.    SMHG and [Mr. Williams] made these representations either (a) knowing they were false or (b) recklessly, knowing that there was insufficient knowledge upon which to base such a representation.
>
> 65.    [Defendants], acting reasonably and in ignorance of the falsity of the representations, did in fact rely upon them, and were thereby induced to agree to purchase Lot #71 and sign the REPC. In fact, [Defendants] selected Lot #71 because of its proximity to the Main Street and this was an important consideration in their decision to purchase the lot.[28]

---

[26] Charles A. Wright & Arthur R. Miller, 5A Fed. Prac. & Proc. Civ. § 1298 (4th ed. 2023).

[27] *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 442 (7th Cir. 2011).

[28] ECF No. 73-1 at 35–36 of 51.

Although Defendants' allegations answer the questions of "what" (misrepresentations about mixed-use villages and a "Main Street") and "who" (Mr. Williams, SMHG's agent), Defendants have not articulated any specific facts regarding when and where these misrepresentations occurred. Without more supporting details, Defendants' proposed counterclaim reads like a formulaic recitation of the elements of fraudulent inducement.[29] Further, "[a]llegations of the circumstances of fraud based on information and belief . . . usually do not satisfy the particularity requirement of Rule 9(b), unless accompanied by a statement of the facts upon which the pleader's belief is founded or by allegations that the necessary information lies within the defendant's control."[30] Defendants provide no such explanation.

Defendants argue that the counterclaim satisfies the particularity requirement of Rule 9 because "prior to the execution of the REPC" is the "when" of the alleged fraud, and "Weber

---

[29] *See, e.g.*, *Cayman Expl. Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1362 (10th Cir. 1989) ("We recognize that the policy of simplicity in pleadings which underlies the Federal Rules of Civil Procedure requires a court to read Rule 9(b)'s requirements in harmony with Rule 8's call for a 'short and plain statement of the claim' which presents 'simple, concise, and direct' allegations." (quoting Fed. R. Civ. P. 8)).

[30] Charles A. Wright & Arthur R. Miller, 5A Fed. Prac. & Proc. Civ. § 1298 (4th ed. 2023) (citing *United States ex rel. Strubbe v. Crawford County Memorial Hospital*, 915 F.3d 1158, 1165 (8th Cir. 2019) ("A generalized allegation that the hospital paid vendors above market value and submitted a false cost report—without a statement of facts on which the belief is founded—does not sufficiently demonstrate that these were improper expenses or were included on cost reports."); *United States ex rel. Grenadyor v. Ukrainian Vill. Pharmacy, Inc.*, 772 F.3d 1102, 1108 (7th Cir. 2014) (providing that to plead fraud with requisite particularity based upon "information and belief," the plaintiff must (1) show that facts constituting fraud are not accessible to him, and (2) provide grounds for his suspicions); *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 728 (10th Cir. 2006) ("Although we acknowledge that courts have sometimes relaxed the requirements of Rule 9(b), we agree with the Fifth Circuit's caution that this exception must not be mistaken for license to base claims of fraud on speculation and conclusory allegations." (quotations and citation omitted))) (other citations omitted).

County" (where the REPC was executed) is the "where."[31] However, Rule 9(b)'s particularity standard requires more than these general assertions to provide SMHG with sufficient notice of the basis for the fraud claims against them. The Tenth Circuit has held that a general allegation that "misrepresentations were made 'during 1982 and continuing to the present time'" did not comply with Rule 9 because the allegation did not provide a "sufficiently precise time frame," or "the place at which any misrepresentations were made."[32] Additionally, this court has concluded that an allegation that false representations were made "'during the course of negotiating [a contract]'" was insufficient because it "failed to indicate the time of the misrepresentations" and "where the misrepresentations were made."[33]

In the instant action, pleading the "when" and "where" with particularity is especially critical because Defendants claim that "*at the time* [Mr. Williams] made these representations about the Main Street, SMHG did not have the means to build it, had halted progress on the Main Street, and did not intend to complete it."[34] In cases where "numerous defendants are alleged to have made the misrepresentation, it would be impractical to require [a party] to recount the time and place of each misrepresentation."[35] However, here, Defendants allege that only Mr. Williams made the alleged misrepresentations, yet Defendants do not refer to specific dates when and locations where those misrepresentations occurred or whether the alleged misrepresentations

---

[31] ECF No. 76 at 4.

[32] *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1237 (10th Cir. 2000).

[33] *Associated Diving & Marine Contractors, L.C. v. Granite Constr. Co.*, No. 2:01-CV-330-DB, 2003 WL 25424908, at *8 (D. Utah July 11, 2003).

[34] ECF No. 73-1 at 26 of 51 (emphasis added).

[35] *Bank One, Columbus, Ohio N.A. v. Fin. Ventures, LLC*, No. C2-01-0049, 2002 WL 484307, at *3 (S.D. Ohio March 26, 2002) (quotations and citation omitted).

were written or verbal in nature. The requisite particularity might have been accomplished, for example, if Defendants had directed the court to dates of specific WhatsApp messages or calls with Mr. Williams wherein the alleged misrepresentations occurred. Instead, Defendants' counterclaim of fraudulent inducement is a far cry from the heightened pleading standard of Rule 9(b). Accordingly, the court denies Defendants leave to amend their pleadings to include this counterclaim against SMHG.

## II.   The Court Grants Defendants Leave to Amend Their Pleadings to Add New Claims Against Third-Party Defendants.

The court permits Defendants to amend their pleadings to add new claims against Mr. Williams, K2 Realty, Chateaux Realty, Summit Realty, and GT Title. SMHG has not demonstrated that it will be unduly prejudiced if Defendants are permitted to amend their pleadings, Defendants have provided adequate explanation for the timing of these claims against the proposed third-party defendants, and the proposed amendments are not sought in bad faith. Additionally, SMHG does not have standing to challenge the claims against the proposed third-party defendants based on futility. Therefore, the court cannot bar the claims against the proposed third-party defendants on this basis.[36]

### A.  Undue Prejudice

SMHG has not demonstrated that it will be unduly prejudiced if Defendants are permitted to amend their pleadings to add claims against third-party defendants. Prejudice is most often found when the amended claims arise out of a subject matter different from what was set forth in

---

[36] Contrary to SMHG's assertion, Defendants need not demonstrate "good cause" under Fed. R. Civ. P. 16 because the deadline to amend pleadings has not yet expired under the operative scheduling order. Therefore, Defendants must only satisfy the more-forgiving standard for amendment under Fed. R. Civ. P. 15.

the prior pleading, raise significant new factual issues, and are offered shortly before or during trial.[37] "The [c]ourt's focus is not on whether amendment would be inconvenient, but whether there is any *undue* prejudice to [the nonmoving party] if amendment were allowed."[38] "[A]n amendment may be prejudicial if its timing prevents [the nonmoving party] from pursuing a potentially promising line of defense."[39]

There is no indication that the addition of third-party defendants will prevent SMHG from pursuing a defense. Further, Defendants' claims against the third-party defendants share a common core of facts with the claims already asserted in this case. Moreover, no depositions have been taken and the deadline for written discovery has not expired. Trial has not been scheduled. Therefore, any prejudice that SMHG may suffer because of the amendment does not rise to the level of undue prejudice.

B. Undue Delay

The court does not find timeliness a bar to amendment under Rule 15. A party's ability to amend its pleadings is not restricted to a particular stage in the action.[40] Therefore, "[l]ateness does not of itself justify the denial of the amendment."[41] Rather, the Tenth Circuit "focuses primarily on the reasons for the delay."[42] If the moving party "has no adequate explanation for

---

[37] *Minter*, 451 F.3d at 1207.

[38] *Hydro Eng'g Inc. v. Petter Invs., Inc.*, No. 2:11-CV-139-TS, 2012 WL 2872628, at *3 (D. Utah July 12, 2012) (emphasis in original).

[39] *Minter*, 451 F.3d at 1209.

[40] *Id.* at 1205.

[41] *Id.* (quotations and citation omitted).

[42] *Id.* at 1206.

the delay," the court has sufficient ground to deny leave to amend.[43] "The fact that a motion to amend is filed within the court's scheduling deadline is evidence that the delay was not undue."[44]

Defendants filed their motion to amend just seventeen days after receiving SMHG's amended discovery responses and within the scheduling deadline. Accordingly, Defendants' motion to amend is not unduly delayed.[45]

SMHG argues that Defendants fail to demonstrate diligence in pursuing these claims because Defendants were on notice of this information long before the commencement of this case.[46] The court concludes that although Defendants were aware of Mr. Williams's and Chateaux Realty's involvement with the REPC at the beginning of this case, this speaks only to Defendants' dealings with these parties, not Defendants' knowledge of their alleged fraudulent conduct. Granting Defendants the opportunity to add these third-party defendants comports with the policy underlying Rule 15(a), by allowing Defendants to fully and fairly litigate their claims. The court concludes that Defendants have provided adequate explanation for any delay in adding

---

[43] *Id.* (quotations and citations omitted).

[44] *Arup Laboratories, Inc. v. Pac. Med. Lab'y, Inc.*, No. 2:20-cv-00186-DBB-DAO, 2020 WL 7344092, at *2 (D. Utah Dec. 14, 2020) (quotations and citations omitted).

[45] Defendants have also provided adequate explanation for the timing of their motion to amend. Defendants represent that, in February 2023, they learned of two other lawsuits against SMHG's principal, Summit Mountain Holding Group, LLC ("Summit Mountain"). Both lawsuits allege that Summit Mountain has defaulted on obligations to third parties, and, upon review of these actions, Defendants became concerned that Summit Mountain never intended to build a mixed-use village with a "Main Street" with shops and amenities. Further, on March 20, 2023, Defendants received SMHG's Amended Responses to Defendants' First and Second Sets of Discovery Requests and accompanying documents. Defendants state that the document disclosures contain evidence that helped support claims against GT Title. Defendants explain that they waited until they obtained this evidence in discovery before bringing claims against GT Title.

[46] ECF No. 74 at 4.

these parties and, furthermore, this delay is not *undue* because that the motion to amend was filed within the court's scheduling deadline.

    C.  Bad Faith

For the party opposing amendment to succeed on a claim of bad-faith amendment, "[t]he movant's bad faith must be apparent from evidence of record," such as awareness of facts and failure to include them in the original pleadings.[47] "Bad faith" is defined as "dishonesty of belief, purpose, or motive."[48]

The court concludes that Defendants' proposed amendments are not sought in bad faith. As previously discussed, Defendants have adequately explained that they acquired knowledge of the facts underlying their new claims against third-party defendants through recent discovery and after learning of other lawsuits in which Summit Mountain has been involved.

SMHG argues that Defendants' proposed amendments are sought in bad faith because they purport to resolve issues of SMHG's "solvency" and are not a good faith inquiry into the merits of the claim.[49] SMHG has not provided the court with—and the court is not aware of— any basis to conclude that solvency concerns constitute "dishonesty of belief, purpose, or motive." Consequently, the court must presume that this is not evidence of Defendants' bad faith and will not deny Defendants' motion on this basis.

---

[47] *Koch v. Koch Indus.*, 127 F.R.D. 206, 211 (D. Kan. 1989).

[48] *Bad Faith*, Black's Law Dictionary (11th ed. 2019).

[49] ECF No. 74 at 6.

D.  <u>Futility</u>

SMHG lacks standing to assert a futility argument on behalf of the proposed third-party defendants. Therefore, the court cannot bar the proposed amendments on this basis.[50] "Current parties unaffected by a proposed amendment do not have standing to assert claims of futility on behalf of proposed defendants."[51] "Rather, current parties only possess standing to challenge an amended pleading directed to proposed new parties on the basis of undue delay and/or prejudice."[52] Because SMHG can challenge the proposed third party claims only to the extent that SMHG is affected, the court declines to address the futility of any claims against the third-party defendants.

## CONCLUSION AND ORDER

Based upon the forgoing analysis, the court GRANTS IN PART and DENIES IN PART Defendants' Motion for Leave to Amend Pleadings and to Bring Claims Against Certain Third Parties.[53] Defendants are permitted to amend their pleadings to include claims against Mr. Williams, K2 Realty, Chateaux Realty, Summit Realty, and GT Title.

---

[50] *See, e.g.*, *Silva v. Ekis*, No. 15-30007-CM, 2017 WL 5465531, at *1 (D. Kan. Nov. 14, 2017).

[51] *Coleman v. Apple Eight Hosp. Mgmt., Inc.*, No. 16-1343-JTM, 2017 WL 1836974, at *3 (D. Kan. May 8, 2017) (citing *Bailey v. B. Braun Med. Inc.*, No. 16-cv-1544-WSD, 2017 WL 1547163, *2 (N. D. Ga. May 1, 2017); *Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.*, No. 13-5592 NLH/AMD, 2014 WL 988829, at *2 (D. N.J. Feb. 27, 2014); *Clark v. Hamilton Mortg. Co.*, No. 07-252, 2008 WL 919612, at *2 (W.D. Mich. Apr. 2, 2008)).

[52] *Bailey*, 2017 WL 1547163, at *2 (quotations and citations omitted).

[53] ECF No. 73.

IT IS SO ORDERED.

DATED this 5th day of June 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge