## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **SMHG PHASE I LLC, a Delaware Limited Liability Company,**<br><br>   **Plaintiff,**<br><br>**v.**<br><br>**MICHAEL EISENBERG, a New York Citizen; NOURIEL ROUBINI; a New York Citizen; and DAVID SHUSTERMAN, a New York Citizen,**<br><br>   **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 1:22-cv-00035-DBB-JCB**<br><br><br>**District Judge David Barlow**<br><br>**Magistrate Judge Jared C. Bennett** |

District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendants Michael Eisenberg, Nouriel Roubini, and David Shusterman's (collectively, "Defendants") Second Motion for Leave to File Amend Pleadings.[2] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. Based upon the analysis set forth below, the court grants Defendants' motion.

---

[1] ECF No. 4.

[2] ECF No. 84.

**BACKGROUND**

Plaintiff SMHG Phase I LLC ("SMHG") initiated this action against Defendants in the Second District Court in Weber County, Utah on January 14, 2022.[3] SMHG asserts causes of action for: (1) declaratory relief, (2) breach of contract, and, in the alternative, (3) promissory estoppel.[4] Defendants removed the case to this court on March 4, 2022.[5] On March 11, 2022, Defendants filed their answer to the complaint and asserted the following counterclaims against SMHG: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) conversion, and, in the alternative, (4) breach of contract and (5) conversion.[6] On June 27, 2022, Defendants filed a motion for total or partial summary judgment.[7] On August 25, 2022, SMHG filed a cross-motion for partial summary judgment as to the contract claims.[8]

On March 24, 2023, the court entered its Third Amended Scheduling Order in this case, which established the deadline to amend pleadings and the deadline to add parties as "10 weeks" after the court enters its decision on the last of the parties' competing motions for summary judgment.[9] Under this scheduling order, the close of fact discovery is "8 weeks" after the court resolves the competing motions for summary judgment.[10] The deadline for serving written

---

[3] ECF No. 2-1.

[4] ECF No. 2-1 at 10-12 of 45.

[5] ECF No. 2.

[6] ECF No. 6 at 31-33.

[7] ECF No. 10.

[8] ECF No. 19.

[9] ECF No. 71 at 2.

[10] ECF No. 71 at 2.

discovery was March 16, 2023.[11] As of the date of this order, the court has not issued a decision on either motion for summary judgment.

On April 6, 2023, Defendants filed a Motion for Leave to File Amended Pleadings and to Bring Claims Against Certain Third-Parties,[12] which requested leave to file an amended answer to the complaint. The proposed amended answer contained a new counterclaim of fraudulent inducement against SMHG and requested leave to file a third-party complaint against proposed third-party defendants Brian Williams ("Mr. Williams"); K2 Realty, LLC ("K2 Realty"); Stein Chateaux Realty, LLC ("Chateaux Realty"); Summit Sotheby's International Realty ("Summit Realty"); and GT Title Services, Inc. ("GT Title").[13] The claims in the proposed third-party complaint included: (1) fraudulent nondisclosure, (2) civil conspiracy—conversion and breach of contract, and, in the alternative, (3) fraudulent inducement (against Mr. Williams).[14] The fraud claims related to misrepresentations Mr. Williams allegedly made to Defendants about SMHG's intention to build mixed-used villages and a "Main Street" proximate to the lot Defendants purchased from SMHG.[15] Defendants alleged that these misrepresentations occurred prior to the execution of the Real Estate Purchase Contract ("REPC") and were made to induce Defendants to agree to purchase the lot from SMHG and sign the REPC.[16]

---

[11] ECF No. 59 at 2.

[12] ECF No. 73.

[13] ECF No. 73 at 1.

[14] ECF No. 73-1 at 47-49 of 51.

[15] ECF No. 73-1 at 35-36 of 51.

[16] ECF No. 73-1 at 35-36 of 51.

On June 5, 2023, the court issued a Memorandum Decision and Order granting in part and denying in part Defendants' motion for leave to amend their pleadings.[17] The court denied Defendants leave to add a counterclaim of fraudulent inducement against SMHG, concluding that the proposed counterclaim was futile under Fed. R. Civ. P. 15 because it did not allege fraud with the requisite particularity under Fed. R. Civ. P. 9.[18] However, the court concluded that Defendants had met the standard under Fed. R. Civ. P. 15 to add new claims against the proposed third-party defendants.[19] Therefore, the court granted Defendants leave to amend to assert these claims.[20]

On June 6, 2023, Defendants filed the second motion for leave to amend currently before the court, renewing their proposed counterclaim of fraudulent inducement against SMHG.[21] The proposed amended pleading seeks to cure the Rule 9(b) deficiencies the court identified in its previous order[22] by providing details about when and where the alleged misrepresentation from SMHG to Defendants occurred.[23] The proposed amended pleading also contains citations to two lawsuits involving SMHG's principal, Summit Mountain Holding Group, LLC ("Summit

---

[17] ECF No. 80.

[18] ECF No. 80 at 5-9.

[19] ECF No. 80 at 9-13.

[20] ECF No. 80 at 13.

[21] ECF No. 84.

[22] ECF No. 80 at 5-9.

[23] ECF No. 84-1 at 25-26 of 53.

Mountain")[24] to support "why it is now believed that [Mr. Williams's] statements [that SMHG had the means to complete the mixed-use village with a 'Main Street'] were false."[25] Defendants claim that, based on their discovery of these Summit Mountain lawsuits in February 2023, Defendants learned:

> "SMHG has defaulted on its obligations to multiple lenders, including Lionel Ohayon, Summit Village Development Lender 1, LLC, and Grand Canyon Development Holdings 3, LLC, which means it does not have the means to complete construction of the Main Street and likely never had the means to do so . . . In June 2015, [p]rior to making representations to [Defendants], SMHG had missed deadlines on construction of the Main Street, which violated commitments to previous investors . . . The fact that deadlines on construction of the Main Street had been missed was not disclosed to [Defendants]."[26]

## LEGAL STANDARDS

Fed. R. Civ. P. 15(a) provides for liberal amendment of pleadings. Rule 15 instructs that "court[s] should freely give leave" to amend "when justice so requires."[27] Under Rule 15, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[28] The United States Court of Appeals for the Tenth Circuit has acknowledged that "[t]he purpose of [Rule 15] is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on

---

[24] *Ohayon v. Summit Mountain Holding Group LLC*, No. 1:21-CV-03689-ALC (S.D.N.Y. April 26, 2021); *Summit Mountain Holding Group, LLC v. Summit Village Development Lender 1, LLC*, No. 1:21-CV-00110-BSJ (D. Utah Aug. 4, 2021).

[25] ECF No. 84 at 3.

[26] ECF No. 84-1 at 26 of 53.

[27] Fed. R. Civ. P. 15(a)(2).

[28] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotations and citation omitted).

procedural niceties."[29] The most important factor in deciding whether to grant leave to amend is "whether the amendment would prejudice the nonmoving party."[30] Undue prejudice exists "only when the amendment unfairly affects the [nonmoving party] in terms of preparing their defense to the amendment," such as "when the amended claims arise out of a subject matter different from what was set forth in the [prior pleading] and raise significant new factual issues."[31] Whether delay is "undue" depends on the reason for the delay.[32] If the moving party "has no adequate explanation for the delay" the court has sufficient ground to deny leave to amend.[33] "The fact that a motion to amend is filed within the court's scheduling deadline is evidence that the delay was not undue."[34]

ANALYSIS

The court permits Defendants to amend their pleading to add a counterclaim of fraudulent inducement against SMHG. SMHG has not demonstrated that it will be unduly prejudiced if Defendants are permitted to amend their pleading, any delay by Defendants in seeking amendment is not undue, the proposed amendment is not sought in bad faith, and Defendants have cured the futility issues the court identified in its previous order. In granting Defendants' motion, the court addresses each issue in order below.

---

[29] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted).

[30] *Id.* at 1207.

[31] *Id.* at 1208.

[32] *Id.* at 1206.

[33] *Id.* at 1205 (quotations and citations omitted).

[34] *Arup Laboratories, Inc. v. Pac. Med. Lab'y, Inc.*, No. 2:20-cv-00186-DBB-DAO, 2020 WL 7344092, at *2 (D. Utah Dec. 14, 2020) (quotations and citations omitted).

6

A.  Undue Prejudice

SMHG has not demonstrated that it will be unduly prejudiced if Defendants were permitted to amend their pleadings. Prejudice is most often found when the amended claims arise out of a subject matter different from what was set forth in the complaint, raise significant new factual issues, and are offered shortly before or during trial.[35] "The [c]ourt's focus is not on whether amendment would be inconvenient, but whether there is any *undue* prejudice to [the non-moving party] if amendment were allowed."[36] "Generally speaking, the need to conduct additional discovery, without more, does not constitute undue prejudice."[37] Instead, "an amendment may be prejudicial if its timing prevents the [non-moving party] from pursuing a potentially promising line of defense."[38]

The court concludes that any potential prejudice to SMHG because of the amendment can be mitigated. SMHG argues that, because the deadline for written discovery has passed,[39] SMHG would be unduly prejudiced in its defense against a new counterclaim of fraudulent inducement.[40] To the extent that additional discovery will be required on the new counterclaim, either party may move to extend the deadline for written discovery. Counter to SMHG's assertion, this case is not so advanced as to create undue prejudice.[41] Although competing

---

[35] *Minter*, 451 F.3d at 1207.

[36] *Hydro Eng'g, Inc. v. Petter Investments, Inc.*, No. 2:11-CV-139-TS, 2012 WL 2872628, at *3 (D. Utah July 12, 2012).

[37] *Id.*

[38] *Minter*, 451 F.3d at 1209.

[39] ECF No. 59 at 2.

[40] ECF No. 85 at 8.

[41] ECF No. 85 at 3.

motions for summary judgment are still pending,[42] trial has not been scheduled, and the parties

may add parties and continue fact discovery even after those summary judgment motions are

decided. Indeed, both motions for summary judgment were filed within approximately four

months of the answer and recognize that distinct possibility that litigation will remain even if one

of them is granted.[43] This is not a case where discovery has been fully pursued followed by

summary judgment such that adding claims would amount to starting the litigation over.

Therefore, SMHG's ability to defend against Defendants' proposed new counterclaim does not

rise to the level of undue prejudice.

      B.  <u>Undue Delay</u>

      The court does not find timeliness a bar to amendment under Rule 15. A party's ability to

amend its pleadings is not restricted to a particular stage in the action.[44] Therefore, "[l]ateness

does not of itself justify the denial of the amendment."[45] Rather, the Tenth Circuit "focuses

primarily on the reasons for the delay."[46] If the moving party "has no adequate explanation for

the delay," the court has sufficient ground to deny leave to amend.[47] "The fact that a motion to

amend is filed within the court's scheduling deadline is evidence that the delay was not undue."[48]

---

[42] ECF Nos. 10, 19.

[43] ECF Nos. 9, 10, 19.

[44] *Minter*, 451 F.3d at 1205.

[45] *Id.* (quotations and citation omitted).

[46] *Id.* at 1206.

[47] *Id.* (quotations and citations omitted).

[48] *Arup Laboratories, Inc.*, 2020 WL 7344092, at *2 (quotations and citations omitted).

Defendants first sought leave to file this counterclaim two months after they discovered the Summit Mountain lawsuits and within the scheduling deadline.[49] Accordingly, Defendants' motion to amend is not unduly delayed.

Nevertheless, SMHG argues that Defendants are untimely in their attempt to utilize the Summit Mountain lawsuits to support a counterclaim of fraudulent inducement because these cases were publicly available almost two years before then. The court agrees that Defendants' unearthing of the Summit Mountain lawsuits almost a year after litigation began certainly demonstrates oversight. However, Defendants promptly filed a motion to amend after their discovery of these lawsuits and the facts underpinning a counterclaim of fraudulent inducement against SMHG. Therefore, the court concludes that Defendants acted diligently under the circumstances. Moreover, granting Defendants the opportunity to add this counterclaim against SMHG comports with the policy underlying Rule 15(a), by allowing Defendants to fully and fairly litigate their claims. Accordingly, the court concludes that any delay by Defendants in seeking amendment was not *undue*.

C. Bad Faith

The court concludes that Defendants' proposed amendment is not sought in bad faith. For the party opposing amendment to succeed on a claim of bad-faith amendment, "[t]he movant's bad faith must be apparent from evidence of record," such as awareness of facts and failure to include them in the original pleadings.[50] "Bad faith" is defined as "dishonesty of belief, purpose,

---

[49] ECF No. 73, ECF No. 71 at 2.

[50] *Koch v. Koch Indus.*, 127 F.R.D. 206, 211 (D. Kan. 1989).

or motive."[51] As previously discussed, the court presumes that Defendants' delay in uncovering the Summit Mountain lawsuits was a result of mistake, neglect, or error on the part of Defendants, not blatant dishonesty. Therefore, Defendants' proposed amendment is not sought in bad faith.

        D.  <u>Futility</u>

The proposed amendment is not futile. "A proposed amendment is futile if the [pleading], as amended, would be subject to dismissal."[52] Fed. R. Civ. P. 9(b) mandates that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."[53] The United States Court of Appeals for the Tenth Circuit has explained that, pursuant to this Rule, a party must "identify the time, place, content, and consequences of the fraudulent conduct,"[54] or more plainly, "set forth the who, what, when, where and how of the alleged fraud."[55] The "allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."[56]

---

[51] *Bad Faith*, Black's Law Dictionary (11th ed. 2019).

[52] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (quotations and citations omitted).

[53] Fed. R. Civ. P. 9(b).

[54] *United States ex. rel Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[55] *United States ex. rel. Schwartz v. Coastal Healthcare Grp., Inc.*, 232 F.3d 902, No. 99-3105, 2000 WL 1595976, at *3 (10th Cir. Oct. 26, 2000) (unpublished table decision) (quotations and citations omitted).

[56] *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016) (quotations and citations omitted).

The court concludes that Defendants have cured the Rule 9(b) deficiencies the court identified in its previous order[57] by providing details about when and where the alleged misrepresentation from SMHG to Defendants occurred.[58] Accordingly, the court grants Defendants' motion to amend.[59]

## CONCLUSION AND ORDER

Based upon the foregoing analysis, the court GRANTS Defendants' Second Motion for Leave to File Amend Pleadings.[60]

IT IS SO ORDERED.

DATED this 8th day of August 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[57] ECF No. 80 at 5-9.

[58] ECF No. 84-1 at 25-26 of 53. For now, the court declines to address the issue of whether the proposed amendment is barred by the economic loss rule because the pleadings do not provide the court with a basis to determine whether these conversations in which allegedly fraudulent promises were made were sufficiently within the existing terms of the contract to be barred under the economic loss rule. After additional factual development, the economic loss rule may carry the day, but it cannot this day given the lack of developed facts on this issue.

[59] ECF No. 84.

[60] ECF No. 84.