## THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| SMHG PHASE I, LLC, a Delaware Limited Liability Company, | **ORDER ADOPTING [135] AMENDED REPORT AND RECOMMENDATION** |
| Plaintiff, | |
| | Case No. 1:22-cv-00035 |
| v. | |
| | District Judge David Barlow |
| MICHAEL EISENBERG, a New York Citizen; NOURIEL ROUBINI; a New York Citizen; and DAVID SHUSTERMAN, a New York Citizen, | |
| Defendants, | |
| MICHAEL EISENBERG, a New York Citizen; NOURIEL ROUBINI, a New York Citizen, | |
| Third-Party Plaintiffs, | |
| BRIAN WILLIAMS; and CHATEAUX REALTY, LLCS, | |
| Third-Party Defendants. | |

The Amended Report and Recommendation[1] issued by United States Magistrate Judge Jared C. Bennett on March 15, 2024 recommends that the court deny (1) Michael Eisenberg and Nouriel Roubini's ("Defendants") Motion for Leave to Amend Pleadings[2] and (2) Brian Williams; GT Title Services; K2 Reality, LLC's ("Third-Party Defendants") Motion to Dismiss

---

[1] ECF No. 135, filed March 15, 2024 [hereinafter "R&R"]. The original Report and Recommendation was docketed on February 26, 2024. No party objected to it.
[2] ECF No. 108, filed December 11, 2023 [hereinafter "Mot. to Amend"].

Third-Party Complaint for Insufficient Service.[3] The report also recommends that the court grant Plaintiff SMHG Phase 1's ("SMHG") Motion to Dismiss for Failure to State a Claim.[4]

The magistrate judge reasoned that the motion to dismiss the fraudulent inducement claim against SMHG should be granted because of the economic loss rule. Under Utah law, "the economic loss rule . . . bar[s] a fraudulent inducement claim when the tort claim is a mere duplication of the party's contract claim."[5] The magistrate judge found that the basis for the Defendants' fraudulent inducement claims were not sufficiently distinct from the basis of their contractual claims, and thus were barred by the rule.[6] Similarly, Defendants' proposed fraudulent non-disclosure claim against SMG overlaps with what is already covered by their contract.[7] The magistrate judge thus recommended that this court should grant SMHG's motion to dismiss Defendants' fraudulent inducement claim and further deny leave for Defendants to file their non-disclosure and fraudulent inducement claims against SMHG in their proposed amended counterclaim.

Turning to the Motion to Dismiss Third Party Complaint for Insufficient Service,[8] the magistrate judge noted that as to GT Title and K2 Realty, the Motion is moot because the parties have been dismissed.[9] As to Mr. Williams, the Report and Recommendation reviewed whether a permissive extension of time should be permitted. "The factors to be considered in determining whether to grant a permissive extension include: (1) potential barring of claims under a statute of

---

[3] ECF No. 107, filed December 11, 2023 [hereinafter "Third-Party MTD"].
[4] ECF No. 91, filed September 6, 2023 [hereinafter "MTD Failure to State Claim"].
[5] R&R 8 (citing *HealthBanc Int'l, LLC v. Synergy Worldwide, Inc.*, 435 P.3d 193, 196 (Utah 2018)).
[6] R&R 11–13.
[7] R&R 12.
[8] ECF No. 107,
[9] *Id.* at 13.

limitation, (2) prejudice to the defendant, (3) whether the defendant had notice, (4) the likelihood of eventual service, (5) whether the plaintiff is represented by counsel, and (6) the length of the delay."[10] Having determined that the balance of the factors favored granting an extension of time for service, the magistrate judge recommended that the Motion to Dismiss for Insufficient Service should be denied.[11]

The parties were notified of their right to file objections to the Report and Recommendation within 14 days of its service pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72.[12] No party filed an objection. Because no party filed a written objection to the Report and Recommendation by the specified deadline, and because Magistrate Judge Bennett's analysis and conclusion are sound, the court ADOPTS the Report and Recommendation in full.

## ORDER

Accordingly, the Report and Recommendation is ADOPTED.

- The court GRANTS SMHG's Motion to Dismiss Defendants' Amended Counterclaim.[13] Defendants' fraudulent inducement claim against SMHG is DISMISSED WITH PREJUDICE.[14]

---

[10] *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).
[11] *Id.* at 14–17.
[12] *Id.* at 17.
[13] MTD Failure to State a Claim, ECF No. 91.
[14] *See* Second Amd. Countercl. ¶¶ 62–68, at 35–36, ECF No. 90, filed Aug. 23, 2023. Note that the paragraph numbering restarts at page 22 of the document.

- The court DENIES Defendants' Third Motion for Leave to File Amended Pleadings WITHOUT PREJUDICE.[15]

- The court DENIES Third-Party Defendants' Motion to Dismiss for Failure of Timely Service.[16] The court GRANTS a permissive extension of time for service up to and including the date that Third-Party Defendant Mr. Williams was served on November 3, 2023.[17]

Signed April 2, 2024.

BY THE COURT

David Barlow
United States District Judge

---

[15] Mot. to Amend, ECF No. 108.
[16] Third Party MTD, ECF No. 107.
[17] *See* R&R 14–17.