Todd D. Weiler, #7671
Zachary C. Myers, #15302
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah  84111
Telephone: (801) 323-5000
Facsimile: (801) 355-3472
todd.weiler@chrisjen.com
zachary.myers@chrisjen.com
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| SMHG PHASE I LLC, a Delaware Limited Liability Company,<br><br>         Plaintiff,<br><br>v.<br><br>MICHAEL EISENBERG, NOURIEL ROUBINI, and DAVID SHUSTERMAN,<br><br>         Defendants. | **MOTION FOR CLERK'S ENTRY OF DEFAULT IN REGARD TO REMAINING COUNTERCLAIMS**<br><br>Civil No. 1:22-cv-00035-DBB-JCB<br><br>Judge David Barlow<br>Magistrate Judge Jared C. Bennett |
| MICHAEL EISENBERG, NOURIEL ROUBINI,<br><br>         Counterclaim-Plaintiffs,<br><br>v.<br><br>SMHG PHASE I LLC, a Delaware Limited Liability Company,<br><br>         Counterclaim-Defendant. | |

Pursuant to Utah Rule of Civil Procedure 55(a), Counterclaim-Plaintiffs, Michael Eisenberg and Nouriel Roubini (collectively "Eisenberg and Roubini"), request an entry of default against Counterclaim-Defendant, SMHG Phase I, LLC ("SMHG"), in regard to Eisenberg and Roubini's remaining Counterclaims, including breach of contract and breach of implied covenant of good faith and fair dealing.

In support of entry of default, Eisenberg and Roubini state the following facts:

1. Eisenberg and Roubini filed their second amended counterclaim on August 23, 2023.[1]

2. SMHG responded by filing a Rule 12(b)(6) motion to dismiss on September 6, 2023.[2]

3. The Court issued its decision on the Rule 12(b)(6) motion to dismiss on April 2, 2024.[3]

4. Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), SMHG was required to file an answer to the remaining counterclaims 14 days after notice of the court's decision, i.e. by April 16, 2024.

5. SMHG did not file an answer to the counterclaims by April 16, 2024 and to date has not filed an answer to the second amended counterclaim.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[4]

---

[1] ECF No. 90 (08/23/2023).
[2] ECF No. 91 (09/06/2023).
[3] *See* ECF No. 137 (04/02/24), Order Adopting Amended Report and Recommendation at p. 3 (granting SMHG's motion to dismiss Eisenberg and Roubini's fraudulent inducement claim).
[4] Fed. R. Civ. P. 55(a).

Based on the foregoing facts, which are evident on the face of the record, SMHG has failed to plead or otherwise defend against the remaining claims of the second amended counterclaim (including claims of breach of contract and breach of implied duty of good faith and fair dealing). Therefore, the clerk is required to enter SMHG's default.

DATED this 30th day of June 2025.

CHRISTENSEN & JENSEN, P.C.

_/s/ signature_

Todd Weiler
Zachary C. Myers
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of June, 2025, I caused a true and correct copy of the foregoing **MOTION FOR CLERK'S ENTRY OF DEFAULT IN REGARD TO REMAINING COUNTERCLAIMS** to be filed with the Clerk of the Court using the CM/ECF system, which automatically served such filing via electronic filing service on the following:

> Spencer W. Young
> Wesley J. Alexander
> STRONG & HANNI
> 102 South 200 East, Suite 800
> Salt Lake City, Utah 84111
> syoung@strongandhanni.com
> walexander@strongandhanni.com
> *Attorneys for SMHG Phase I, LLC*

*/s/ Anne L. MacLeod*

4