# THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| SMHG PHASE I, LLC, a Delaware Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL EISENBERG, a New York Citizen; NOURIEL ROUBINI; a New York Citizen; and DAVID SHUSTERMAN, a New York Citizen, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [171] MOTION FOR DEFAULT JUDGMENT** <br><br> Case No. 1:22-cv-00035 <br><br> District Judge David Barlow |

This matter is before the court on Defendants Michael Eisenberg and Nouriel Roubini's (together "Defendants") motion for default judgment against Plaintiff SMHG Phase I, LLC ("SMHG").[1] For the reasons stated below, the motion is denied.

## BACKGROUND

This dispute arises from a real estate transaction between SMHG and Defendants.[2] SMHG contracted with Defendants to sell them a parcel of land.[3] The contract was never completed, and SMHG brought claims against Defendants based on their alleged breach of contract.[4] On March 11, 2022, Defendants filed counterclaims against SMHG, including for

---

[1] Motion for Clerk's Entry of Default in Regard to Remaining Counterclaims ("Mot."), ECF No. 171, filed June 30, 2025.
[2] Complaint and Jury Demand, ECF No. 2-1, filed Mar. 4, 2022.
[3] *Id.* at 2.
[4] *Id.* at 9.

breach of contract, breach of the implied covenant of good faith and fair dealing, conversion, and alternative claims for breach of contract and conversion.[5]

SMHG answered Defendants' counterclaim on April 1, 2022.[6] It then filed a motion for partial summary judgment on Defendants' counterclaims for breach of contract, breach of the implied covenant of good faith and fair dealing, and alternative breach of contract claim.[7] On June 6, 2023, Defendants filed an amended counterclaim,[8] which SMHG answered.[9] The amended counterclaim brought five causes of action, including breach of contract, breach of the implied covenant of good faith and fair dealing, conversion, and alternative breach of contract and conversion claims.

The court denied SMHG's motion for partial summary judgment on August 23, 2023.[10] Defendants then filed a second amended counterclaim.[11] Like the two previous pleadings, this counterclaim brought causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, conversion, and alternative claims for breach of contract and conversion.[12] The second amended counterclaim also included a fraudulent inducement cause of action, which SMHG moved to dismiss.[13]

---

[5] Answer to Complaint, Reliance on Jury Demand, and Counterclaim 31–33, ECF No. 6, filed Mar. 11, 2022.
[6] Answer to Counterclaim, ECF No. 9, filed April 1, 2022.
[7] Motion for Partial Summary Judgment, ECF No. 19, filed Aug. 25, 2022.
[8] First Amended Answer to Complaint, Reliance on Jury Demand, Counterclaim, and Third-Party Complaint, ECF No. 82, filed June 6, 2023.
[9] Answer to First Amended Counterclaim, ECF No. 86, filed June 20, 2023.
[10] Memorandum Decision and Order Denying Defendants' Motion for Summary Judgment and Denying Plaintiff's Motion for Partial Summary Judgment, ECF No. 89, filed Aug. 23, 2023.
[11] Second Amended Answer to Complaint, Reliance on Jury Demand, Counterclaim, and Third-Party Complaint, ECF No. 90, filed Aug. 23, 2023.
[12] *Id.* at 33–36.
[13] Motion to Dismiss Defendants' Amended Counterclaim, ECF No. 91, filed Sep. 6, 2023.

The court referred SMHG's motion to dismiss to the magistrate judge,[14] who recommended dismissing Defendants' fraudulent inducement counterclaim.[15] The court adopted the report and recommendation on March 15, 2024.[16] SMHG did not answer or otherwise respond to the remaining claims in the second amended counterclaim.

On January 17, 2025, SMHG moved for summary judgment on Defendants' remaining counterclaims.[17] The court partially granted and partially denied the motion, granting SMHG summary judgment on Defendants' conversion counterclaims but denying summary judgment on the breach of contract and implied covenant claims.[18] The court then ordered the parties to submit a joint trial notice.[19]

On June 30, 2025, Defendants filed their motion for default judgment on the remaining counterclaims, arguing that SMHG's failure to answer the second amended counterclaim required entry of default.[20] SMHG filed its opposition to default judgment the same day.[21] The motion was fully briefed on July 7, 2025.[22]

---

[14] Order Referring Motions, ECF No. 131, filed Feb. 14, 2024.
[15] Report and Recommendation, ECF No. 133, filed Feb. 26, 2024.
[16] Order Adopting Amended Report and Recommendation, ECF No. 135, filed Mar. 15, 2024.
[17] Motion for Summary Judgment, ECF No. 153, filed Jan. 17, 2025.
[18] Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment, ECF No. 164, filed May 9, 2025.
[19] Docket Text Order, ECF No. 165, filed May 9, 2025.
[20] Mot. 3.
[21] Memorandum in Opposition to Defendants' Motion for Entry of Default ("Opp."), ECF No. 171, filed June 30, 2025.
[22] Reply Memorandum in Support of Motion for Clerk's Entry of Default in Regard to Remaining Counterclaims ("Reply"), ECF No. 179, filed July 7, 2025.

## STANDARD

Federal Rule of Civil Procedure 55 provides that a default judgment may be entered against a party who "has failed to plead or otherwise defend."[23] Default judgment is a "harsh sanction" that "must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party."[24] Five factors guide the analysis on whether default judgment is warranted:

> (1) the degree of actual prejudice to the other party;
> (2) the amount of interference with the judicial process;
> (3) the culpability of the litigant;
> (4) whether the court warned the party in advance that [termination] of the action would be a likely sanction for noncompliance; and
> (5) the efficacy of lesser sanctions.[25]

"The spirit of the Federal Rules is that decisions on the merits should not be avoided on the basis of mere technicalities."[26] "The preferred disposition of any case is upon its merits and not by default judgment."[27]

## DISCUSSION

Defendants argue that they are entitled to default judgment because SMHG did not answer their second amended counterclaim.[28] SMHG responds that although it did not answer the second amended counterclaim, these claims are identical to the original and first amended

---

[23] Fed. R. Civ. P. 55(a).
[24] *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (citing *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir.1987)) (quoting *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).
[25] *Chavez-DeRemer v. Ascent Constr., Inc.*, No. 24-4072, 2025 WL 1638134, at *3 (10th Cir. June 10, 2025) (per curiam) (citing *The Procter & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005)).
[26] *Parrish v. United States*, 145 S. Ct. 1664, 1674 (2025) (quoting *Foman v. Davis*, 371 U.S. 178, 181 (1962)) (cleaned up).
[27] *Su v. Ascent Constr., Inc.*, 104 F.4th 1240, 1246 (10th Cir. 2024) (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)).
[28] Mot. 3.

4

counterclaims, which it did answer, so Defendants have been aware of its position throughout this litigation.[29] SMHG also argues that it has been actively litigating this case and that default judgment is not warranted.[30]

On the first factor, Defendants argue that they have been prejudiced because their counterclaims have not been answered and they have incurred costs in filing their motion for default judgment.[31] However, Defendants do not argue that they are unaware of SMHG's position on their counterclaims. Defendants assert that they did not realize that SMHG had not answered their second amended complaint until they began preparing the joint trial notice, after dispositive motion briefing and more than a year after the second amended counterclaim was filed.[32] If SMHG's failure to answer the second amended counterclaim somehow prejudiced Defendants, it seems they should have realized they were prejudiced well before post-dispositive motion trial preparations. In any event, the litigation record in this case makes it clear that Defendants long have been aware of Plaintiff's position and have litigated accordingly.

Second, there has been no interference with the judicial process. Since the amended counterclaim was filed, the parties have fully briefed a motion for summary judgment on the counterclaims[33] and submitted several stipulated motions.[34] SMHG's failure to answer the

---

[29] Opp. 7.
[30] *Id.* at 6. In its opposition, SMHG implies that the court should sanction Defendants for filing the motion for default judgment. *See* Opp. 10. Defendants respond that this request is "improper" and ask that the court grant them attorney fees for the time incurred in responding to SMHG's request for sanctions. *See* Opp. 14. The court declines to sanction Defendants, and denies Defendants' request for attorney fees.
[31] Reply 5.
[32] *Id.* ("Eisenberg and Roubini discovered the default when trying to prepare a joint civil trial notice").
[33] Motion for Summary Judgment, ECF No. 153, filed Jan. 17, 2025.
[34] *See, e.g.,* Eighth Amended Scheduling Order, ECF No. 147, filed Aug. 20, 2024.

5

amended counterclaims has not slowed down or otherwise prevented the timely administration of this case.

Third, there is no indication that SMHG's failure to answer the amended counterclaims was done to harm Defendants or the judicial process. Defendants argue that SMHG's conduct was "willful" because it failed to respond to a pleading.[35] They rely on the Tenth Circuit's decision in *Chavez-DeRemer v. Ascent Construction, Inc.* to argue that default judgment is appropriate where a party fails to answer an amended pleading.[36] There, the Tenth Circuit upheld the district court's entry of default against a party who repeatedly ignored court orders, including multiple orders to show cause, and had been warned that failure to follow court orders could result in terminating sanctions.[37] SMHG has not failed to comply with a court order or otherwise refused to participate in the litigation process, and its conduct suggest inadvertence, not the willfulness the Tenth Circuit found merited default judgment in *Chavez-DeRemer*.

Defendants also rely on a decision from the District of New Mexico, *Trustees of Sheet Metal Workers Local Union 49 Family Health Plan v. Mares Plumbing & Mechanical, Inc.*,[38] to argue that SMHG's failure to answer should not be excused.[39] There, the magistrate judge recommended striking a defendant's answer that was filed ten days late, due in part to defendants pattern of late filings and failures to follow court orders.[40] SMHG has not ignored court orders or

---

[35] Reply 4.
[36] No. 24-4072, 2025 WL 1638134 (10th Cir. June 10, 2025).
[37] *Id.* at *4–5.
[38] *Trs. of Sheet Metal Workers Loc. Union 49 Fam. Health Plan v. Mares Plumbing & Mech., Inc.*, No. CV 11-898 JCH/CG, 2012 WL 3599531 (D.N.M. May 31, 2012).
[39] Opp. 9.
[40] *Mares Plumbing*, 2012 WL 3599531 at *10 ("In this case, the late answer was but the first of several late filings and failure to follow court orders. . . These persistent failures fit the pattern of dilatoriness and delay which the Tenth Circuit has identified as relevant to the question of whether late filings should be stricken.").

repeatedly failed to make timely filings; therefore, *Mares Plumbing* does not support Defendants' argument.

As for the remaining factors, the court has not issued SMHG any warning that default judgment is a possible sanction, and lesser sanctions, were they necessary, almost certainly would be effective on this record. Therefore, none of the factors favor default judgment. Although SMHG did not answer the second amended counterclaim, this failure did not prejudice Defendants or interfere with the judicial process. Defendants have not established that SMHG's failure to answer the second amended counterclaim warrants dismissal based on a procedural error as opposed to disposition on the merits.

## ORDER

Accordingly, Defendants' motion for entry of default is DENIED.[41]

Signed July 10, 2025.

BY THE COURT

_____
David Barlow
United States District Judge

---

[41] ECF No. 171.